**Amelia HINSHAW, et al.,
Plaintiffs/Respondents,**

v.

**FARMERS AND MERCHANTS INSURANCE CO., Defendant/Appellant.**

No. 67707.

Missouri Court of Appeals,
Eastern District,
Division Four.

July 11, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 23, 1995.

Case Transferred to Supreme Court Sept. 19, 1995.

Case Retransferred to Court of Appeals Dec. 19, 1995.

Original Opinion Reinstated Jan. 16, 1996.

Ronald C. Willenbrock, Amy L. Symons, Amelung, Wulff & Willenbrock, St. Louis, for appellant.

Murry A. Marks, Jason S. Marks, St. Louis, for respondents.

AHRENS, Presiding Judge.

Defendant, Farmers and Merchants Insurance Company ("Farmers"), appeals the judgment of the trial court finding defendant liable to plaintiffs for underinsured motorist benefits. We reverse.

This case was submitted on stipulated facts. Defendant was the automobile insurance carrier for Antoinette Hinshaw when her daughter, Amelia, was injured in an accident while riding, as a passenger, in a car driven by Margaret Bell. As a result of the accident, Amelia sustained damages of $75,000.00.

The vehicle in which Amelia was riding was insured under a liability policy with Automobile Club Inter–Insurance Exchange ("AAA"). The AAA policy carried liability limits of $50,000.00 per person and $100,-000.00 per accident. Plaintiffs received a total of $25,000.00 in a settlement reached with Ms. Bell and her insurer, AAA. The limits of Ms. Bell's policy were exhausted after settling with plaintiffs and three other passengers who were in the automobile at the time of the accident.

The Farmers policy which provided coverage to plaintiffs contained provisions for underinsured motorist coverage, with limits of $50,000.00 per person and $100,000.00 per accident. The pertinent portions of the Farmers policy are:

PART I—UNDERINSURED MOTORIST COVERAGE

INSURING AGREEMENT

A. We will pay compensatory damages which an insured is legally entitled to recover from the owner or operator of an underinsured motor vehicle because of bodily injury:

1. Sustained by an insured, and

2. Caused by an accident.

The owners's or operator's liability for these damages must arise out of the ownership, maintenance or use of the underinsured motor vehicle. We will pay under this coverage only after the limits of liability, under any applicable bodily injury liability bonds or policies have been exhausted by payments of judgments or settlements.

B. Insured as used in this part means

  1. You or any family member

  *    *    *    *    *    *

C. Underinsured motor vehicle means a land motor vehicle or trailer of any type to which a bodily injury liability bond or policy applies at the time of the accident but its limit for bodily injury is less than the limit of liability for this coverage.

  *    *    *    *    *    *

LIMIT OF LIABILITY

  *    *    *    *    *    *

C. The limit of liability shall be reduced by all sums paid because of the bodily injury by or on behalf of persons or organizations who may be legally responsible.

Plaintiffs filed their cause of action in the County of St. Louis, alleging entitlement to the per person limits of the underinsured motorist coverage provided under the Farmers policy. Farmers denied coverage alleging Ms. Bell's vehicle failed to qualify as an underinsured motor vehicle as set forth in the policy. Farmers also denied the allegation that plaintiffs were entitled to the *full* $50,000.00 per person limit, claiming any liability was subject to a reduction by the $25,000.00 settlement paid by Ms. Bell's insurer, AAA. The trial court held that sections A, B, and C of the Insuring Agreement and section A of the Limit of Liability, when read together, were ambiguous when tested in the light of the meaning which would normally be understood by the layperson who bought and paid for the policy. Consequently, the trial court construed the provisions against defendant and found Ms. Bell's vehicle was, under the terms of the Farmers policy, an underinsured motor vehicle. The trial court then held that the underinsured motorist provision was "excess coverage" and not subject to set-off against plaintiffs' settlement with AAA. This appeal follows.

Defendant raises two points on appeal. The first point is dispositive. Defendant contends Ms. Bell's vehicle is not an underinsured motor vehicle under the terms of the Farmers policy and that the policy is unambiguous. We agree.

A policy with virtually the same language was found to be unambiguous by our supreme court, in *Rodriguez v. General Acc. Ins. Co.*, 808 S.W.2d 379, 381–82 (Mo. banc 1991). In *Rodriguez*, the court recognized that the contract between General Accident and Rodriguez clearly stated that an underinsured motor vehicle is a vehicle whose limits for bodily injury liability are "less than the limit of liability for this coverage." *Id.* at 382. The court found that the vehicle responsible for the accident was *not* an underinsured vehicle because the policy limits on the vehicle were identical to the limits on the Rodriguez vehicle. *Id.*

Similarly, the liability limits of the coverage on Ms. Bell's vehicle were identical to the liability limits on plaintiffs' underinsured motorist coverage. As *Rodriguez* is controlling on this issue, we find the policy terms to be unambiguous. As such, Ms. Bell's vehicle is not an underinsured motor vehicle as defined in the policy the plaintiffs bargained for. Therefore, plaintiffs are not entitled to collect underinsured motorist benefits as a result of the injuries sustained by Amelia while a passenger in Ms. Bell's vehicle.

Plaintiffs contend that the proper measure of liability for their policy should be based on actual *payments* rather than the *limits* on the policy. In support of their argument, plaintiffs cite a footnote in *Rodriguez* which states that "[t]he effect of underinsured motorist coverage is to assure the appellant of receiving $50,000.00, the contracted amount of protection." *Id.* at 383 n. 1. We reject plaintiffs' contention for two reasons. First, the supreme court, in footnote 1, was addressing an Eighth Circuit Court of Appeals decision which reasoned that if underinsured motorist coverage was not construed as "excess coverage," then the insured could never be paid the full amount of coverage. *Id.* However, the supreme court rejected this reasoning stating that, in *Weber*, plaintiffs could still receive the full $50,000.00 in underinsured motorist coverage. *Id.* The court then went on, in dicta, to state that the affect of the coverage was to assure appellants receive $50,000.00, the contracted amount of protection. We do not believe this statement by the court was intended to hold that all insurers covered by underinsured motorist coverage are guaranteed to receive the full amount of coverage in situations dissimilar to those in *Rodriguez*.

This brings us to our second reason for rejecting plaintiffs' contention. Underinsured motorist coverage, like any insurance, is a bargained-for contract. Where an insurance policy has per-person liability limits and per-accident liability limits, the insured takes the risk that the per-accident liability limits will be reached before each injured party receives the full per-person limit. This is exactly the risk plaintiffs took here when they contracted for $50,000.00/$100,000.00 underinsured motorist coverage. Here, the accident involved more than two people with cumulative damages greater than $100,000.00. The per-accident limit was reached

before each injured party received full compensation.

If plaintiffs had bargained for higher insurance coverage, Ms. Bell's vehicle would qualify as an underinsured vehicle and plaintiffs would have been compensated for their injuries. However, the unfortunate situation occurred where the per-accident limit was reached before plaintiffs could recover the full $50,000.00 per-person limit under Ms. Bell's insurance. Because underinsured motorist coverage does not apply, defendants are not liable for plaintiffs' damages. Point granted.

The judgment of the trial court is reversed.

GRIMM, C.J., and KAROHL, J., concur.